# EXHIBIT C

United States District Court for the Western District of Tennessee
*In re: AME Church Employee Retirement Fund Litigation*
Case No. 1:22-md-03035-STA-jay

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

NOTICE OF CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

If you are a Person residing in the United States who was a participant or a beneficiary of a participant in the African Methodist Episcopal Church Ministerial Retirement Annuity Plan who was entitled to benefits as of June 30, 2021, you may be eligible for a settlement payment.

- A Settlement has been reached between African Methodist Episcopal Church ("AME Church"), AMEC Ministerial Retirement Annuity Plan (the "Plan"), AMEC Department of Retirement Services, AMEC General Board, and AMEC Council of Bishops (collectively the "AME Defendants" or the "Settling Defendants") and Plaintiffs in a class action lawsuit pending in the United States District Court for the Western District of Tennessee.

- The lawsuit is known as *In re: AME Church Employee Retirement Fund Litigation,* Case No. 1:22-md-03035-STA-jay (W.D. Tenn.) (the "Action" or "Lawsuit"). Defendants deny that they violated any law, and the Court has not ruled in favor of any party. But the Plaintiffs and Settling Defendants have agreed to the Settlement to avoid the costs and risks associated with continuing this case against the Settling Defendants, and to allow the Settlement Class Members to receive compensation.

- You are included in this Settlement as a Settlement Class Member if you have not been previously named as a Defendant and if you were a participant or a beneficiary of a participant in the African Methodist Episcopal Church Ministerial Retirement Annuity Plan who was entitled to benefits as of June 30, 2021.

- The information provided to you in this Notice is only a summary. The terms of the Settlement Agreement are the binding terms of this settlement (hereinafter "Settlement"), and all such terms are explained in the Settlement Agreement that is on file with the Court and available at amechurchretirementsettlement.com.

- If you want to participate in this Settlement, no action is required. You will be automatically included in the Settlement and will receive a settlement payment in the manner described below if the Court grants final approval to the Settlement. If you do NOT want to participate in the Settlement, then you must take action by [X date], as described below.

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THIS PROPOSED CLASS ACTION SETTLEMENT.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | To receive your pro-rata portion of the Settlement Amount, you do not need to do anything. Your payment will be deposited into your retirement account automatically, after the Court grants final approval to the Settlement and final judgment is entered. |
| **EXCLUDE YOURSELF FROM THE** | You may "opt out" of the Settlement, if you do not wish to participate in the Settlement. If you opt out, you will not receive any class action payment under the Settlement. This is the only option that allows you to pursue your |

| SETTLEMENT BY "OPTING OUT" | own claims (in your own lawsuit) against the AME Church about the legal claims in this case. If you want to opt out, you must submit by mail to the Settlement Administrator a signed Request for Exclusion no later than [**X date.**] Untimely Requests for Exclusion will be rejected. See more detailed information below. |
|---|---|
| OBJECT TO THE SETTLEMENT AND/OR ATTEND HEARING | Submit written objections no later than [**X date**] if you think the Settlement is not fair. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. See more detailed information below. |

- **Your rights and options – and the deadlines to exercise them – are explained in this Notice.**

- **Tennessee law prohibits retaliation for participating or electing not to participate in this settlement. AME will not take any adverse action against or otherwise target, retaliate, or discriminate against any class member because of the class member's participation or decision not to participate in this settlement.**

## BASIC INFORMATION

1.  **Why did I get this Notice?**

This Settlement covers all persons residing in the United States who were participants, or were those participants' respective beneficiaries entitled to benefits, in the African Methodist Episcopal Church Ministerial Retirement Annuity Plan on June 30, 2021 ("Class Member(s)"). According to the AME Church's records, you are a Class Member.

A Court authorized this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve it. This Notice explains the lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible to receive them, and how to get them.

The case is captioned *In re: AME Church Employee Retirement Fund Litigation,* Case No. 1:22-md-03035-STA-jay*,* and is currently pending in the United States District Court for the Western District of Tennessee.

On [**DATE**], 202**4**, the Court preliminarily approved the Settlement and directed the parties to issue this Notice. The Court will hold a Final Approval hearing on _____, 202_ at _____ a.m., in Courtroom **1** of the United States District Court for the Western District of Tennessee, located at James Todd Courthouse, 111 South Highland Avenue, Jackson, TN 38301. The Final Approval Hearing may be continued to another date without further notice. You're encouraged to check the website amechurchretirementsettlement.com for any changes to the hearing date, time, or location.

2.  **What is this Lawsuit about?**

This Lawsuit was brought by AME Retirement Plan participants (collectively, "Plaintiffs") against African Methodist Episcopal Church ("AME Church"), AMEC Ministerial Retirement Annuity Plan (the "Plan"), AMEC Department of Retirement Services, AMEC General Board, and AMEC Council of Bishops (collectively the "AME Defendants" or the "Settling Defendants"), and against Newport Group, Inc. ("Newport"); Symetra Life Insurance Company ("Symetra"); Dr. Jerome V. Harris; Robert Eaton; Financial Freedom Funds, LLC; Financial Freedom Group, Inc.; Financial Technologies, LLC; Motorskill Ventures, Inc.; Motorskill Ventures I, L.P.; Motorskill Asia Ventures 1, L.P.; Rodney Brown and Company; Trinity Financial Consultants, LLC; Sandra Harris; and Day and Night Solar, LLC ("collectively referred to as the "Non-Settling Defendants"). The

operative consolidated complaint asserts ten claims for relief: (1) breach of fiduciary duty; (2) violation of the Tennessee Uniform Trust Code; (3) negligence; (4) conversion; (5) fraudulent concealment; (6) fraudulent misrepresentation; (7) breach of contract; (8) civil conspiracy; (9) aiding and abetting breach of fiduciary duty; and (10) professional negligence. Not all of these claims are asserted against each defendant. A copy of the complaint is available at amechurchretirementsettlement.com where you can review which specific claims are asserted against each defendant.

The AME Defendants deny all allegations in the Lawsuit. The Settlement is not an admission of any wrongdoing by the AME Defendants or an indication any law was violated. The Court has not ruled on the merits of the claims against the AME Defendants asserted in the Lawsuit. By approving the Settlement and issuing this Notice, the Court is not suggesting which side would win or lose this case if it went to trial.

### 3. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or the AME Defendants. There was no trial. However, to avoid additional expense, inconvenience, and risks of continued litigation, Plaintiffs and the AME Church have concluded that it is in their respective best interests and the interests of the Class Members to settle the claims brought by Plaintiffs against the AME Defendants in the Action.

This Settlement was reached after an exchange of extensive information about the facts and legal arguments in support of, and against, all of the claims raised in the lawsuit. By settling the lawsuit, the parties avoid the burden, expense, and uncertainty of litigation.

## THE TERMS OF THE SETTLEMENT

### 4. What is the Settlement Amount?

If the Court grants final approval of the settlement, the AME Defendants will pay $20,000,000 (referred to as the "Settlement Amount") to resolve the claims brought by Plaintiffs against the AME Defendants. All claims against the Non-Settling Defendants are preserved and will continue to be litigated.

The Settlement Amount is $20,000,000 in cash adjusted to the present value from August 2, 2024, to the date that amount is paid into the Qualified Settlement Fund, which is an interest-bearing tax-qualified trust account established for and held in trust for the sole benefit of the Class Members and for receipt of the Settlement Amount. The Settlement Amount will be paid in two installments: an Initial Deposit of $10,000,000 by no later than November 30, 2024,[1] and the remaining balance of the Settlement Amount by no later than May 30, 2025. The AME Defendants have agreed that the Settlement Amount will not be funded in any way through assessments and/or budget raises to any local churches, annual conferences, or district conferences.

Attorneys' Fees and Costs. At this time, Class Counsel is electing not to apply for attorneys' fees and costs or for payment of service awards to the named Plaintiffs. Class Counsel will instead make an application when the full extent of the recovery available from both the AME Defendants and the Non-Settling Defendants becomes more apparent. Class Counsel will then move for an award of attorneys' fees and costs and for payment of appropriate service awards based on the total consideration, award, and/or judgment made available to the Class, inclusive of this Settlement.

### 5. How will the Settlement Payments be calculated?

Every Class Member and Subclass Member who does not opt out will be paid a portion of the Net Settlement Amount. **A claim form is not required.**

---

[1] The Initial Deposit has already been paid into the Qualified Settlement Fund.

The Settlement Amount will be distributed pro rata to Settlement Class Members based on the ratio of the Class Member's account balance as of June 30, 2021, to the total value of all Class Member's account balances as of June 30, 2021, accounting for any distributions taken by participants between June 30, 2021, and the date those balances were retroactively calculated. The Administrator will be responsible for calculating how to allocate the Settlement Amount and will oversee the distribution of the Net Settlement Amount from the Qualified Settlement Fund to the Qualified Trust. Settlement Class Members are not required to submit a claim to receive their pro rata share of the Settlement Amount.

The Settlement Administrator will issue you any tax forms as may be required by law for all amounts paid pursuant to this Settlement. The Settlement Administrator, AME Defendants and its counsel, Plaintiffs and Class Counsel, and the Court cannot provide you with tax advice. Accordingly, you should consult with your tax advisor concerning the tax consequences and treatment of payments under this Settlement.

No payments to the Class will be made until after the Effective Date as defined in the Settlement Agreement.

**6.     How much will my Settlement Payment be?**

Your individual share of the Settlement Amount will be based on the allocation described above.  In calculating those amounts, the Settlement Administrator has relied on records of plan balances provided by the AME Defendants. Based on this information, your individual share of the settlement is estimated to be $_____. This amount is only an estimate, and the actual amount you receive may be more or less than the estimated amount. No payments will be made if the Court does not grant final approval of the settlement.

**HOW TO GET A PAYMENT**

**7.     How can I get my Settlement Payment?**

If you do nothing, your pro-rata share of the Settlement Amount will be automatically deposited into the Qualified Trust on your behalf after the Court grants final approval of the Settlement.

**8.     What am I giving up to get a Settlement Payment?**

If the Court approves the Settlement, the Court will enter judgment, and the judgment and Settlement Agreement will bind all Class Members who have not timely opted out of the Settlement and will bar all such Class Members from bringing certain claims against the AME Defendants as described below. Specifically, you will be giving up or "releasing" the claims described below:

**Release of Claims**:  As more fully explained in the Settlement Agreement, by operation of the Final Approval and Final Judgment, and except as to such rights as may be created by the Agreement, Plaintiffs and each of the Class Members (except for Class Members who timely opt out of the settlement) shall waive, fully release and forever discharge the Released Parties from any and all claims in this Action or relating to the allegations of this Action (the "Released Claims"), which includes any Unknown Claims that could possibly exist with respect to the subject matter of the Released Claims. Released Parties does not include the Estate of Dr. Jerome Harris or any of the other Non-Settling Defendants.

"Released Parties" means the African Methodist Episcopal Church ("AME Church") and African Methodist Episcopal Church, Inc., AMEC Ministerial Retirement Annuity Plan, AMEC Department of Retirement Services, AMEC General Board and AMEC Council of Bishops and each of their former, past and present, direct and indirect, affiliates, departments, divisions, subdivisions, officers, directors, executives, employees, and

attorneys. Released Parties does not include Dr. Jerome Harris and/or his Estate, along with all other Defendants aside from the AME Defendants in this Action.

## OPTING OUT OF THE SETTLEMENT

### 9. How do I exclude myself from the Settlement?

If you do not want to participate in the Settlement, you should exclude yourself from this case (that is, "opt out" of the Settlement).

To opt out and exclude yourself from the class action portion of the Action, you must mail a signed letter to the Settlement Administrator at the following address on or before [_____], 2025. No Request for Exclusion forms postmarked after this date will be valid.

In re: AME Church Employee Retirement Fund Litigation Settlement Administrator
c/o [name of settlement administrator]
[address TBD]

The signed letter must state your name, telephone number, current address, last four digits of your Social Security number, and the following statement: "I, [NAME], voluntarily choose not to participate in the settlement of the Class Action against the AME Defendants and hereby waive any rights I may have to participate in the class settlement in the federal court lawsuit entitled *In re: AME Church Employee Retirement Fund Litigation,* Case No. 1:22-md-03035-STA-jay." Requests to opt out that do not include all required information will be deemed null, void, and ineffective.

## OBJECTING TO THE SETTLEMENT

### 10. How do I tell the Court that I don't like the Settlement?

If you don't think the Settlement is fair, you can object to the Settlement and tell the Court you don't agree with the Settlement or some part of it. To do so, you must mail or file a written statement of objection with to United States District Court for the Western District of Tennessee, or by filing them in person at any location of the United States District Court for the Western District of Tennessee, and be filed or postmarked on or before [RESPONSE DEADLINE]. To be considered, the objection must state: (1) your full name; (2) your address; (3) the telephone number and email address where you may be contacted; ( 4) all grounds for the objection, with specificity and with factual and legal support for each stated ground; (5) the identity of any witnesses you may call to testify; (6) copies of any exhibits that you intend to introduce into evidence at the Final Approval Hearing; (7) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing you with respect to any objection; (8) a statement of whether you intend to appear at the Final Approval Hearing with or without counsel; and (9) a statement as to whether the objection applies only to you, to you and a specific subset of the Class, or the entire Class. A copy of the statement must also be delivered by hand, email, or first-class mail to Class Counsel and the AME Defendants' counsel at the addresses listed in Section 8.3 of the Settlement Agreement, available at amechurchretirementsettlement.com.

The written statement should also include the name of this action *In re: AME Church Employee Retirement Fund Litigation,* Case No. 1:22-md-03035-STA-jay. If you intend to appear at the final approval hearing and wish to speak at the hearing, you must include that in your statement. You do not have to be represented by a lawyer to object. However, if you choose to retain a lawyer to represent you, you will be solely responsible for any attorneys' fees and costs incurred.

Your objection must be received no later than [RESPONSE DEADLINE] or you will be deemed to have waived any objections.

## THE COURT'S FINAL APPROVAL HEARING

**11.     When and where will the Court decide whether to approve the settlement?**

The Court has scheduled a final settlement approval hearing on _____, 2025 at _____ a.m., in Courtroom 1 of the United States District Court for the Western District of Tennessee, located at James Todd Courthouse, 111 South Highland Avenue, Jackson, TN 38301. The Court will review the proposed settlement and decide whether it is fair, reasonable, and adequate, and whether it should be finally approved. You are welcome, but not required, to attend this hearing, whether you agree with or object to the proposed settlement.

The date of the final approval hearing may be changed without further notice to the Class. Before attending, please confirm the date of this hearing by contacting the Settlement Administrator.

If the Court grants final approval of the Settlement, notice of final judgment will be posted on the Claims Administrator's website amechurchretirementsettlement.com within seven calendar days after entry of the final order and judgment.

## GETTING MORE INFORMATION

**12.     Where can I get more information about the Settlement?**

A complete copy of the Settlement Agreement, this Notice, and other important documents from the litigation are available at amechurchretirementsettlement.com. This website will be updated periodically to update the Class on any developments in the case.

If you have questions about the Settlement or would like more information, you should contact the Settlement Administrator, _____, at:

In re: AME Church Employee Retirement Fund Litigation Settlement Administrator
c/o [name of settlement administrator]
[address TBD]

You may also contact the Class Counsel listed below:

Matthew E. Lee
Jeremy R. Williams
Milberg Coleman Bryson Phillips Grossman PLLC
919-600-5000

**PLEASE DO NOT CONTACT THE COURT OR LAWYERS FOR THE SETTLING DEFENDANTS ABOUT THIS NOTICE**

Dated: DATE NOTICE WAS APPROVED
**By Order of the U.S.D.C. for the Western District of Tennessee**