# EXHIBIT A



**DAY AND NIGHT SOLAR, LLC**
**SUBSCRIPTION AGREEMENT**

January 15, 2015
Day and Night Solar, LLC
1605 Eastport Plaza Drive, Suite 135
Collinsville, IL 62234

Ladies and Gentlemen:

1. <u>The Offering</u>. The undersigned (the "<u>Subscriber</u>") understands that Day and Night Solar, LLC, an Illinois limited liability corporation (the "<u>Issuer</u>" or the "<u>Company</u>"), as of this date is offering Nine (9)Units of its Series A Member Interests for $450,000.00 (the "Securities") to a limited number of qualified investors (less than 10).

2. <u>Subscription by Subscriber</u>. Subscriber hereby agrees that the Subscriber has purchased from the Company the number of Units of Series A Member Interests of the Company as set forth on the signature page hereof and has tendered a check or has authorized a wire transfer to the Company in the amount of the required portion of the purchase price. Execution of this Subscription Agreement and the counterpart signature page of the Limited Liability Company Agreement will constitute an offer to purchase such Units and to become admitted as a Member of the Issuer.

3. <u>Acceptance of Subscription</u>. The Subscriber acknowledges that a subscription hereunder shall be irrevocable until accepted or rejected by the Company. The acceptance by the Company of the subscription shall be evidenced by the execution of this Agreement by the Company and the acceptance and deposit of checks or wire transfers tendered for payment of the Securities.

4. <u>Subscriber's Representations and Warranties</u>. In connection with this subscription, the Subscriber hereby represents, warrants, covenants, acknowledges and represents to the Company as follows:

4.1 <u>Purchase for Investment</u>. The Subscriber is acquiring the Securities for investment for the Subscriber's own account, not as a nominee or agent, and not with the view to, or for resale or any distribution thereof. The Subscriber understands that the Securities to be purchased have not been, and will not be, registered under the Securities Act of 1933, as amended (the "<u>Securities Act</u>"), the Investment Company Act of 1940 (the "<u>1940 Act</u>"), or any state securities laws by reason of specific exemptions from the registration provisions of the Securities Act, the 1940 Act, and any applicable state securities laws, the availability of which depend upon, among other things, the bona fide nature of the investment intent and the accuracy of the Subscriber's representations as expressed herein.

Page 1 of 6

Exhibit 465

ERWINBANKRUPTCY-0002575

4.2  Investor Qualifications. The Subscriber has substantial experience in evaluating and investing in private placement transactions of securities in companies similar to the Company, so that the Subscriber is capable of evaluating the risks and merits of the investment in Securities of the Company, and the Subscriber has the capacity, both by experience and by financial capacity, to protect the personal interests of the Subscriber in the negotiations concerning the terms and conditions of the Securities. The Subscriber represents that the investment in the Securities made hereby does not represent more than ten percent of the Subscriber's total net worth.

4.3  Accredited Investor. The Subscriber is an accredited investor as defined in Rule 501 of Regulation D promulgated under the Securities Act.

4.4  Sophisticated Investor. By reason of the business and financial experience of the Subscriber, together with the experience of any advisors retained, the Subscriber has such knowledge, sophistication and experience in business and financial matters so as to be capable of evaluating the merits and risks of the prospective investment, and is able to bear the economic risk of such investment and, at the present time, is able to afford a complete loss of such investment, and has had the opportunity to ask questions of, and receive answers from, the Company concerning the terms and conditions of the offering of the Securities, and to discuss the Company's business, management and financial affairs with its management and to obtain from the Company any additional information about the Company the Subscriber may have desired. The Subscriber is satisfied with the answers so received and the additional information so obtained.

4.5  Investor Residence. The Subscriber certifies that if it is not a U.S. person it is not acquiring the securities for the account or benefit of any U.S. person and it will hold the securities for at least one year.

4.6  Other Subscribers. The Subscriber is not relying upon any statements or instruments made or issued by any other Subscriber or any other person, firm or entity, other than the Company, in making the decision to invest in the Securities.

4.7  Restricted Securities. The Subscriber understands that the Securities are restricted securities within the meaning of the Securities Act, and that, as a result, the Subscriber must hold the Securities indefinitely, unless transferred in accordance with Regulation S of the Securities Act or subsequently registered under (or exempt from registration under) the Securities Act, the 1940 Act and applicable state securities laws and regulations. The Subscriber understands that the Company is under no obligation either to file a registration statement under the Securities Act or applicable state securities laws. The Subscriber is familiar with, or has been advised by counsel regarding, the applicable limitations upon the resale and transfer of the Securities, as well as the prohibition against hedging transactions involving the Securities except in compliance with the Securities Act.

4.8  Brokers or Finders. The Subscriber and the Company have not and will not engage any broker in connection with the sale and purchase of the Securities without the prior written consent of the Company, and will not incur, directly or indirectly, as a result of any action taken by any Subscriber, any liability for brokerage or finder's fees or agent's commissions or any similar charges in connection with this Agreement without the prior written consent of the Company.

ERWINBANKRUPTCY-0002576

4.9    Company's Reliance. The Subscriber acknowledges that the Company is and will be relying upon the truth and accuracy of the foregoing representations and warranties in offering and selling the Securities without first registering them under the Securities Act and applicable state securities laws, and that, but for such representation, this subscription would not be accepted. The Subscriber acknowledges that a restrictive legend in substantially the following form, with such amendments as may be required by any state securities laws, will be placed upon the certificates and any other documents evidencing the Securities:

**THESE SECURITIES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE SECURITIES ACT), OR ANY APPLICABLE STATE SECURITIES LAWS, BUT HAVE BEEN ACQUIRED FOR THE PRIVATE INVESTMENT OF THE HOLDER HEREOF. THEY MAY NOT BE OFFERED OR SOLD, AND NO TRANSFER OF THEM MAY BE MADE, UNLESS (1) THEY ARE TRANSFERRED IN ACCORDANCE WITH THE PROVISIONS OF REGULATION S OF THE SECURITIES ACT OR REGISTERED UNDER THE SECURITIES ACT AND APPLICABLE STATE SECURITIES LAWS, OR (2) THERE IS AVAILABLE AN EXEMPTION FROM SUCH LAWS FOR SUCH OFFER, SALE OR TRANSFER. HEDGING TRANSACTIONS INVOLVING THE SECURITIES MAY NOT BE CONDUCTED UNLESS IN COMPLIANCE WITH THE SECURITIES ACT.**

Issuer reserves the right to place any additional legends required by State or Federal law.

4.10    Nature of Investment. Subscriber hereby represents and warrants that the Subscriber understands that the Company shall be investing its funds in risky securities, including investments in equity, debt and options for equity and debt of the portfolio companies. Subscriber hereby represents and warrants that the Company has disclosed, and Subscriber understands that the trading of derivatives will not result in liabilities of the Partnership in excess of its assets, and potential liabilities of the Subscriber as a limited partner thereof, in excess of the purchase price of the Securities, and that the Subscriber knowingly accepts that this risk is limited to no more than the Subscriber's cash investment.

5.    Indemnity. The Subscriber agrees to indemnify and hold harmless the Company and the officers and directors thereof against any damages, loss, expense or cost, including, without limitation, reasonable attorneys' fees, sustained as a result of the breach of any of the representations made by that Subscriber herein.

6.    Final Agreement. This Agreement and the attachment hereto constitute the final agreement between the parties concerning the matters referred to herein, and supersede all prior agreements and understandings. Addendum A) is here by attached and made a part of this Final Agreement.

7.    Counterparts. Two or more duplicate originals of this Agreement may be signed by the parties, each of which shall be an original, but all of which together shall constitute one and the same instrument.

8.    Governing Law. The validity, meaning and effect of this Agreement shall be determined in accordance with the laws of the State of Texas, United States of America.

ERWINBANKRUPTCY-0002577

IN WITNESS WHEREOF, the undersigned Subscriber has executed this Agreement as of the dates set forth on the signature page hereof.

SUBSCRIBER:

Print Name:

Motorskill Asia Ventures 1, Inc. or Assigns

Jarrod Erwin, President -Signature

Page **4** of **6**

ERWINBANKRUPTCY-0002578

## SUBSCRIPTION SIGNATURE PAGE

Number of Series "A" Member Units Subscribed for 9 units which equals 9% of the total non diluted Member Interests of Day And Night Solar, LLC

Total Purchase Price:                    US $450,000.00

**For Entity Investor:**

Motorskill Asia Ventures 1, Inc. or Assigns
Name of Subscriber:
By: _____
Print Name: Jarrod Erwin
Print Title: President
Address:    2150 Town Square Place, Suite 200
            Sugar Land, TX 77479
            Telephone Number: (713) 266-1290
Tax I.D. No.: _____


ACCEPTED:                              DATE: 1-15-2014

DAY AND NIGHT SOLAR, LLC
By: _____
    Robert Eaton
    Managing Partner

   IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

Page 5 of 6

ERWINBANKRUPTCY-0002579

## Addendum A

Now attached and made part of this Day and Night Solar, LLC subscription agreement.

This Addendum is being made part of the agreement for clarifying the 9 Member Units which equal a 9% non diluted Member Interest in Day and Night Solar, LLC, an Illinois Limited Liability Company, for a single investment of $450,000.00.

Within 10 days of receipt of Subscriber funds the Subscriber(s) will be issued 9 units which equal the 9% non diluted Member Interest of Day and Night which entitle the Subscriber to all rights and benefits due a Member.

In addition, Day and Night Solar, LLC grants the Subscriber the right at the Subscriber's option to purchase an additional 9 units which equal an additional 9% non diluted Member interest in Day and Night Solar, LLC for $450,000 within 24 months of the signing of this agreement.

January 15, 2015

DAY AND NIGHT SOLAR, LLC

BY : ROBERT EATON, MANAGING PARTNER

MOTORSKILL ASIA VENTURES 1, INC. OR ASSIGNS

BY: JARROD ERWIN, PRESIDENT

Page 6 of 6

ERWINBANKRUPTCY-0002580